In re the **EXTRADITION OF** Andrew **BOWEY.**

No. Crim.A. 1:01–M–122.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 21, 2001.

Michael Eric Manely, Manely & Silvo, Marietta, GA, Leonard Louis Franco, Office of Lenny Franco, Atlanta, GA, Andrew Bowey, Mableton, GA, for Defendant.

Jane Wilcox Swift, U.S. Atty's Office, Atlanta, GA, for U.S.

## ORDER

PANNELL, District Judge.

The defendant has filed a writ of habeas corpus [Doc. No. 7–1] and an appeal from the Magistrate's Order of Detention (Doc. No. 7–2). The question before the Court is whether or not "special circumstances" exist which would allow the court to set an appearance bond during the international extradition proceeding.

## I. FACTS

A complaint was filed by the United States Attorney for the Northern District of Georgia on January 31, 2001, pursuant to the extradition treaties between the United States and France seeking a warrant for Andrew Bowey of Mableton, Georgia, for his arrest and detention pending his international extradition to France. Andrew Bowey was arrested on February 1, 2001, pursuant to the warrant issued by the United States Magistrate. On February 6, 2001, a hearing was conducted by the Magistrate on the question of bond. At that hearing the defendant was denied bond upon a finding of the Magistrate that there was a serious risk that the defendant would not appear and that the defendant was a serious risk to the safety of another person and the community. At that hearing the government agreed that while he was being detained temporary custody of the defendant would be relinquished to the state so that he could attend certain hearings in Cobb County, Georgia, involving the custody and welfare of his children in juvenile court.

On February 20, 2001, this Court conducted a hearing at which the defendant and his attorneys were present to consider the Magistrate's order and the defendant's writ of habeas corpus. The facts in the record and also those presented at the hearing show that the defendant is wanted by the French authorities to stand trial on criminal charges of child abduction. The events leading up to this charge arise out of a stormy marriage. The defendant is a citizen of the United States and Great Britain. The wife, Frederique Mompeu Bowey, is a citizen of France. The couple was married in 1994 in Marietta, Georgia. One child, Thomas, which the defendant claims is his natural child, was born out of wedlock on June 22, 1993, in Toulouse, France. The defendant has never taken formal procedures to legitimate that child. On April 28, 1997, a second child was born in Atlanta, Georgia, and has dual citizenship of the United States and France. The couple lived in the United States from sometime in 1994 or 1995 until approximately August, 2000. Evidence has been

presented that the wife on previous occasions filed family violence petitions in the Superior Court of Cobb County and then had them dismissed. This occurred at least once in 1999 and again in 2000. The defendant contends that his wife left the United States and returned to France on or about August 15, 2000. On August 19, 2000, the defendant Andrew Bowey filed an action of divorce against his wife and sought custody of the two children in Cobb County Superior Court, State of Georgia. On December 16, 2000, defendant dismissed his complaint for divorce and traveled to France in hopes of a reconciliation. When a reconciliation was not accomplished, the defendant returned to his home in the United States with his two children on January 6, 2001. Since returning he has again filed a petition for divorce in Cobb County Superior Court and seeks to gain legal custody of his children. The return of the two children to the United States was without the consent of the mother, and an improper passport was used to effectuate the return of at least one of the children to the United States.

Upon the defendant's arrest, immediate custody of the children was placed with the Cobb County Department of Family and Children's Services pursuant to petition in the Cobb County Juvenile Court. At present it is the Court's belief that that petition has now been dismissed and that the children have been turned over to their mother who is awaiting a hearing in the Superior Court on the divorce petition filed by Andrew Bowey. Further, it is the belief of this Court that the wife wishes to return to France with her two children. There is now scheduled a hearing before the Superior Court on Friday, February 23, 2001, for certain action with regard to custody of the children and another hearing sched-

uled by the Superior Court on March 12, 2000, for the court to enter a temporary order dealing with custody and the other issues pending a final hearing of divorce. A Court in France, the Superior Court of Cobb County, Georgia, and now the United States District Court for the Northern District of Georgia are dealing with events surrounding this marriage and the battle for custody. This Court believes all parties can be present in Cobb County Superior Court during the next several weeks for adjudication of custody and the other related issues.

## II. *LEGAL DISCUSSION*

The Supreme Court has held that while bail should not ordinarily be granted in extradition cases, release was not foreclosed where special circumstances exist. *See Wright v. Henkel,* 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948 (1903). The Eleventh Circuit has held that there is a presumption against bond, and that a defendant in an extradition case will be released on bail only if he can prove "special circumstances." *See Martin v. Warden, Atlanta, Pen,* 993 F.2d 824, 827 (1993). This presumption in extradition cases varies from the procedure under the Bail Reform Act of 1984, 18 U.S.C. § 3142, and its presumption in favor of release for persons awaiting trial in federal court for offenses against United States law, except in cases where there is a flight risk or threat of harm to the community or to any person. The reason for distinguishing granting release in extradition cases from federal criminal cases is that extradition cases involve an overriding interest in meeting treaty obligations. "If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment

would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives." *United States v. Taitz*, 130 F.R.D. 442, 444 (S.D.Cal.1990) (citation omitted).

■ The Court finds that Mr. Bowey does not pose a flight risk that cannot be eliminated through any release conditions. Mr. Bowey has substantial family ties to Georgia, he maintains a residence in Georgia, and owns land in Georgia worth around $300,000. The court is also capable of taking certain measures to ensure that he does appear at his extradition hearing. Further, the court finds that Mr. Bowey's release does not pose a threat to persons or to the community that cannot be eliminated through any release conditions.

■ Even though Mr. Bowey would be entitled to bail under the Bail Reform Act, because he is facing extradition, the general presumption against bail in extradition cases requires that he also show that special circumstances exist. The first factor that shows special circumstances exist in this case is that releasing Mr. Bowey on bail would allow him to participate in the divorce proceedings in Cobb County Superior Court. Some courts have held that the accused's desire to participate in pending civil actions is not a special circumstance. *See Koskotas v. Roche*, 931 F.2d 169 (1st Cir.1991); *see also United States v. Hills*, 765 F.Supp. 381 (E.D.Mich.1991). However, in the instant case, the civil proceedings in Cobb County Superior Court are directly related to the reasons for his extradition and the resolution of the issues in that matter could directly affect the prosecution of the charges he faces in France. Accusations by Mr. Bowey's estranged wife and the French Government should not be allowed to limit his ability to attend the divorce and custody proceedings by entangling him in extradition proceedings, particularly when the divorce and custody issues are the underlying disputes from which *all* these proceedings arise.

The second factor that shows special circumstances exist in this case is his likelihood of success in the criminal action in France. While it is difficult for this Court to make a thorough evaluation of French law, and while the rule of non-inquiry generally precludes an extraditing court from assessing the judicial system of foreign nations, the Court believes that the criminal case against Mr. Bowey in France may have little prosecutorial merit, despite the technical merit the criminal charges may have. No court has awarded permanent custody of the children to either parent, and Mr. Bowey claims that he is the natural father of both children.

Finally, related to the determination of whether Mr. Bowey is a flight risk, the Court finds that while he poses a slight risk of flight, his previous conduct in this case is another factor showing that special circumstances exist. This is not the extreme case where a parent abducts the children, takes them to a non-treaty country, and eliminates all contact with the other parent. Rather, Mr. Bowey returned home to Georgia in order to file for divorce and have a court determine custody of the children. His actions show that he is accepting responsibility rather than avoiding it. The court notes that he filed for a divorce and a court determination of custody prior to his arrest.

This Court finds that based on the above factors, and the Court's finding that Mr. Bowey presents no risk of flight or threat to the community or any person that cannot be eliminated through any release con-

ditions, special circumstances exist for releasing Mr. Bowey on bond.

### III. *CONDITIONS OF RELEASE*

Because of the United States treaty obligation, the Court is imposing more severe conditions than would otherwise be required:

1.  Defendant shall be released after posting a combination of a $100,000 property bond to be made by his mother, secured by his mother's property, and a $100,000 corporate surety bond. As an alternative, the defendant can post a $300,000 corporate surety bond.

2.  Defendant shall report to the U.S. Probation / Pretrial Services Officer as directed.

3.  Defendant shall participate in the home confinement program until further notice of the Court. During this time, the defendant shall be restricted to his residence at all times except for medical emergencies, pre-approved attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer. Defendant will maintain a telephone at his place of residence without "call forwarding" or "call waiting" and or any additional features as indicated by the supervising officer. Defendant will wear an electric monitoring device and follow electronic monitoring procedures specified by his probation officer. Defendant may be required to pay the cost of home confinement based upon his ability to pay.

4.  Defendant shall not have any contact with his children or wife unless in the presence of his attorney or pursuant to the order of Cobb County Superior Court.

5.  Defendant's travel is restricted to the Northern District of Georgia.

6.  Defendant shall reside at the bonded address and SHALL NOT change address without the permission of the Court.

7.  Defendant shall surrender his passport and not obtain a passport.

8   The defendant shall remain on bond until March 26, 2001, at 2:00 p.m., at which time the defendant shall surrender to the Court. Any review of release and or further bond considerations shall be made by the Court at that time.

### IV. *CONCLUSION*

For the foregoing reasons, the Court hereby GRANTS Mr. Bowey's request for bond on appeal from the Magistrate Judge [Docket No. 7–2] which renders Mr. Bowey's writ of habeas corpus [Docket No. 7–1] MOOT.